IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MICHAEL K. GREEN, *Personal Representative of the Estate of William S. Green, et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>CHICAGO TITLE INSURANCE COMPANY, *et al.*,<br><br>Defendants. | CV 20-37-BLG-SPW<br><br>ORDER RE: MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |

Before the Court is United States Magistrate Judge Cavan's Findings and Recommendations regarding Plaintiffs Michael Green *et al.*'s motion for partial summary judgment and Defendants Chicago Title Insurance Company *et al.*'s motion for summary judgment. (Doc. 38). The Magistrate recommended that Plaintiffs' motion be denied, and that Defendants' motion be granted. (*Id.* at 2). Plaintiffs timely filed objections to the Recommendations. (Doc. 39). Defendants submitted a reply brief in support of the Recommendations. (Doc. 40). For the following reasons, the Court adopts Judge Cavan's Findings and Recommendations.

//

1

I.  **RELEVANT BACKGROUND**[1]

William S. Green and his wife Esther W. Green (collectively, "the Greens") purchased land east of Billings, Montana in Yellowstone County from the Custer Coulee Cattle Company on April 19, 1989, as joint tenants with right of survivorship. (*See* Doc. 19-1). The Greens also purchased title insurance on the property from then-Chicago Title Insurance Company of Idaho, Chicago Title's predecessor, on April 26, 1989, policy number M7-70846-OP ("Policy") with coverage limits of $87,800. (*See* Doc. 19-2). Among its provisions, the Policy insured against loss or damage by reason of "[l]ack of a right of access to and from the land." (*Id.* at 2).

On December 26, 2012, the Greens created irrevocable trusts, the William S. Green Family Trust and the Esther W. Green Family Trust ("Trusts"), and quitclaimed their individual, undivided half-interests in the Property to their respective Trusts. (*See* Docs. 19-3, 19-4, 19-5). William S. Green was the designated trustee of both Trusts. (Doc. 19-3 at 3, 26). The quitclaim deeds declared that the grantor "does hereby convey, release, remise and forever quit claim unto William S. Green, Trustee ...," and that the "deed releases all interest acquired by Grantor in and to the subject property from the date hereof through

---

[1] Neither party objected to Judge Cavan's factual findings. As such, those findings are adopted and repeated here for convenience.

2

and including the date of recording said deed." (Docs. 19-4, 19-5). The deeds were recorded on December 28, 2012. (*Id.*).

William and Esther died in the winter/spring of 2018. Shortly thereafter, on April 11, 2018, the Trusts individually conveyed their respective interests in the Property via trustee's deeds to the Plaintiffs. Plaintiffs allege that they subsequently discovered that there was no legal access to the property. (*See* Doc. 20-1). Thus, on December 13, 2019, Plaintiffs submitted a claim to Chicago Title seeking redress for the lack of legal access under the Policy.

Chicago Title denied the claim on February 3, 2020. (*See* Doc. 4-4). In its denial letter, Chicago Title reasoned that "the Claimants do not qualify as insureds as defined by the Policy." (*Id.* at 1). The Policy defined "insureds" as:

> The insured named in Schedule A, and, subject to any rights or defenses the Company would have had against the named insured, those who succeed to the interest of the named insured by operation of law as distinguished from purchase including, but not limited to, heirs, distributes, devisees, survivors, personal representatives, next of kin, or corporate or fiduciary successors.

(Doc. 19-2 at 3). Schedule A listed "William S. Green and Esther W. Green, Husband and Wife" as the insureds. (*Id.* at 6). Chicago Title further explained that:

> By the December 28, 2012 conveyances, the Named Insureds transferred their interest in the Property to the Trusts. The Trusts are not named in Schedule A of the Policy as "insureds", nor are they successor insureds under the above-described definition [of "insureds"] because the transfer to the Trusts did not occur by operation of law. Upon conveyance of the Property, the Policy is terminated, but certain

insuring provisions continue in favor of the Named Insureds in limited circumstances. Please refer to paragraph 2 of the Policy's Conditions and Stipulations:

2. CONTINUATION OF INSURANCE AFTER CONVEYANCE OF TITLE

The coverage of this policy shall continue in force as of Date of Policy in favor of an insured only so long as the insured retains an estate or interest in the land, or holds an indebtedness secured by a purchase money mortgage given by a purchaser from the insured, or only so long as the insured shall have liability by reason of covenants of the estate or interest. The policy shall not continue in force in favor of any purchaser from the insured of either (i) an estate or interest in the land; or (ii) an indebtedness secured by a purchase money mortgage given to the insured.

(Doc. 4-4 at 2: *see* Doc. 19-2 at 3). Chicago Title concluded that there was no continuation of insurance after conveyance because the Greens did not retain an interest in the Property when they voluntarily transferred it to the Trusts via quitclaim deed, "which does not contain any warranties or covenants of title under which the Named Insureds would have liability to the Trusts." (Doc. 4-4 at 2). Thus, Chicago Title's position was that coverage terminated upon conveyance to the Trusts, and neither the Trusts nor its successors have standing to bring a claim under the Policy. (*Id.*).

Plaintiffs brought this action originally in the Montana Thirteenth Judicial District Court, Yellowstone County, on February 25, 2020. (Doc. 4). Defendants removed the case to this Court on March 3, 2020, alleging complete diversity between parties and an amount in controversy of $87,800. (Doc. 1). Plaintiffs now

4

move for summary judgment, asserting their claim was erroneously denied because William retained both a legal and equitable interest in the Property such that the Policy continued in force and subsequent transfers occurred as a matter of law. (Doc. 20 at 9).

Defendants cross-move for summary judgment, asserting that the named insureds voluntarily conveyed their interests in the Property to the Trusts; thus, coverage terminated upon conveyance and Plaintiffs did not succeed to their interests by operation of law. (Doc. 24 at 7).

## II. LEGAL STANDARD

Plaintiffs filed timely objections to the Findings and Recommendations. (Doc. 39). Plaintiffs are entitled to de novo review of those portions of Judge Cavan's Findings and Recommendation to which they properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify, in whole or in part, those findings and recommendations properly objected to. 28 U.S.C. § 636(b)(1). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Lance v. Salmonson*, 2018 WL 4335526, at *1 (D. Mont. Sept. 11, 2018) (quoting *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010)). Simply

restating the party's argument previously made before the magistrate judge is not a sufficient objection. *Id.*

Absent an objection, a court reviews a magistrate's findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

### A. Summary Judgment

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the Court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 130, 150 (2000); *Anderson*, 477 U.S. at 249-50. The Court must view the evidence in the light most favorable to the non-moving party and draw all

justifiable inferences in the non-moving party's favor. *Anderson,* 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.,* 504 F.3d 1017, 1020–21 (9th Cir. 2007).

**B. Application of Montana Law**

The Court's jurisdiction over this action is based on diversity of citizenship. Therefore, the Court must apply the substantive law of Montana. *In re Cty. of Orange,* 784 F.3d 520, 523-24 (9th Cir. 2015). In Montana, the interpretation of an insurance contract is a question of law. *Scentry Biologicals, Inc. v. Mid-continent Cas. Co.,* 319 P.3d 1260, 1264 (Mont. 2014). A court interpreting an insurance policy is to read the policy as a whole and, to the extent possible, reconcile the policy's various parts to give each meaning and effect. *O'Connell v. Liberty Mut. Fire Ins. Co.,* 43 F.Supp.3d 1093, 1096 (D. Mont. 2014) (*citing Newbury v. State Farm Fire & Cas. Ins. Co. of Bloomington, Ill.,* 184 P.3d 1021 (Mont. 2008)). The terms and words used in an insurance policy are to be given their usual meaning and construed using common sense. *Hardy v. Progressive Specialty Ins. Co.,* 67 P.3d 892, 896 (Mont. 2003). Any ambiguities in the insurance contract are construed against the insurer and in favor of extending coverage. *Revelation Indus., Inc. v. St. Paul Fire & Marine Ins. Co.,* 206 P.3d 919, 929 (Mont. 2009).

"An ambiguity exists when the policy, taken as a whole, is reasonably susceptible to two different interpretations." *Heggem v. Capitol Indem. Corp.,* 154

7

P.3d 1189, 1193 (Mont. 2007). But a court should not "seize upon certain and definite covenants expressed in plain English with violent hands, and distort them so as to include a risk clearly excluded by the insurance contract." *Travelers Cas. & Sur. Co. v. Ribi Immunochem Research, Inc.*, 108 P.3d 469, 474 (Mont. 2005). Moreover, "a court may not create an ambiguity where none exists, nor may a court rewrite an insurance policy by ignoring clear and unambiguous language to accomplish a 'good purpose.'" *Heggem*, 154 P.3d at 1193.

## III. DISCUSSION

Judge Cavan reviewed the arguments of the parties and agreed with Defendants that when the Greens transferred their interest to the Trusts and named William Green as trustee, William failed to retain an interest in the property and the voluntary conveyance terminated coverage. Judge Cavan also determined that because the conveyance was voluntary, Plaintiffs did not succeed to the interests of William or Esther Green by operation of law. Thus, Plaintiffs are not insureds under the Policy. Plaintiffs objected to both determinations.[2]

### A. Green's Retention of Property Interest as Trustor/Trustee

---

[2] Plaintiffs also raise an argument, for first time, that William and Esther Green retained an interest in the Property as beneficiaries of the Trust. As Defendants point out, it is improper for parties to raise new arguments in objections to a magistrate's recommendations and within the district court's power to reject the assertions. *Friends of the Wild Swan v. Weber*, 955 F.Supp.2d 1191, 1194 (D. Mont. 2013). The Court rejects Plaintiffs' beneficiary argument as improperly raised. Further, it is contrary to Montana law. *In re Raymond W. George Trust*, 986 P.2d 427, 431 (Mont. 1999) ("beneficiaries of an express trust in real property take *no* estate or interest in the trust property") (emphasis in original).

Noted above, the Policy states that insurance coverage "shall continue in force of an insured only so long as the insured retains an estate or interest in the land . . . ." (Doc. 19-2 at 3). Judge Cavan found that by transferring their interests in the Property via quitclaim deed to the Trusts, the Greens relinquished any interest or estate they had in the Property, despite William Green assuming title to the Property as the Trusts' trustee. (Doc. 38 at 10-11). Therefore, the insurance coverage lapsed at the time of the quitclaim transfer. (*Id.*).

Plaintiffs argue Judge Cavan erred in his interpretation of the Policy by adding restrictions to the contract language that do not exist. To support their argument, Plaintiffs again point to Montana Code Annotated § 72-38-1111(2) which states: " . . . a conveyance of real property to a trustee designated as such in the conveyance vests the whole estate conveyed in the trustee, subject only to the trustee's duties." As the Policy does not differentiate between what qualifies as an interest or estate in the subject property, Plaintiffs maintain that because William Green, as a named insured under the policy, assumed a trustee's estate in the Property, that estate suffices to continue insurance coverage despite the Greens quitclaiming their entire interests to the Trusts. (Doc. 39 at 10-11). The Court does not find this argument persuasive and agrees with Judge Cavan's determination.

It is undisputed that trustees are vested with the property estate in a trust and hold legal title to that trust property. *See In re Raymond W. George Trust*, 986 P.2d

9

427, 433 (Mont. 1999). However, Judge Cavan correctly noted that Montana law clearly differentiates between a grantee's interest in property and a trustee's interest or estate. (See Doc. 38 at 11-12; Mont. Code Ann. §§ 72-38-1111(4) & (8), 72-38-802(1), 72-38-802(2), 72-38-507). Further, the Greens expressly quitclaimed their rights in the Property to the Trusts which released "all interest acquired by Grantor in and to the subject property from the date hereof . . . ." (Docs. 19-4 at 1 & 19-5 at 1). Any and all property rights were transferred to the Trusts as separate and distinct entities with the Greens reserving no interests or estates in the land. While William Green was named trustee of the trust, the Greens themselves, the named insureds, retained no interest and the coverage lapsed as a result.

### B. Plaintiffs' Insured Status

Judge Cavan further determined that because "the conveyance of the property by the Greens to the trusts was a voluntary conveyance to a separate and distinct entity," the policy insurance lapsed, and Plaintiffs did not inherit the insurance coverage by operation of law as required by the Policy. (Doc. 38 at 15).

In their objections, Plaintiffs merely restate their original argument without any additional analysis or citation to nuanced legal authority. This does not constitute a valid objection. *See Lance v. Salmonson*, 2018 WL 4335526, at *1 (D. Mont. Sept. 11, 2018). Therefore, the Court reviews Judge Cavan's findings for clear error and, seeing none, adopts his determination.

10

## IV. CONCLUSION

IT IS ORDERED that the proposed Findings and Recommendations entered by United States Magistrate Judge Cavan (Doc. 38) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that:

1. Plaintiffs' motion for partial summary judgment (Doc. 18) is DENIED;

2. Defendants' cross-motion for summary judgment (Doc. 23) is GRANTED.

DATED this 29th day of September, 2021.

SUSAN P. WATTERS
United States District Judge